```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SAMUEL A. MALAT, | 1:19-cv-14841-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| BOROUGH OF MAGNOLIA, POLICE CHIEF ROBERT A. STETSER, POLICE LIEUTENANT J. VADURRO, NEW JERSEY MOTOR VEHICLE COMMISSION, PROSECUTOR CHERYL H. COHEN, ESQ., JOHN DOES 1 THROUGH 10, | |
| Defendants. | |

**APPEARANCES**:

SAMUEL A. MALAT
24 MCMICHAEL AVE
SOMERDALE, NJ 08083

   *Appearing pro se*

DEAN R. WITTMAN
ZELLER & WIELICZKO LLP
120 Haddontowne Court
CHERRY HILL, NJ 08034

   *On behalf of Defendants Borough of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq.*

**HILLMAN**, **District Judge**

   This matter concerns claims by Plaintiff, Samuel A. Malat, appearing *pro se*, that Defendants violated his constitutional rights and committed state law torts arising from motor vehicle citations that ultimately led to his arrest.  Defendants Borough

of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq. ("Magnolia Defendants") have moved to dismiss Plaintiff's complaint against them.  Plaintiff has not filed an opposition.

For the reasons expressed below, Defendants' motion will be granted, and Plaintiff's claims against them will be dismissed. With regard to Defendant New Jersey Motor Vehicle Commission ("MVC"), which has not appeared in the action, the Court will direct Plaintiff to show cause as to why his claims against the MVC should not also be dismissed.[1]

## BACKGROUND

Plaintiff claims that Defendants violated his substantive and procedural due process rights, discriminated against him, performed an unreasonable seizure of him, and committed negligent hiring, all of which caused him emotional and physical distress and money damages.  As to the Magnolia Defendants, Plaintiff alleges:

---

[1] Plaintiff filed his complaint on July 9, 2019.  The Clerk's Office issued summonses to Plaintiff for each Defendant on that same day.  All Defendants, except for Defendant Motor Vehicle Commission ("MVC"), filed their motion to dismiss on October 24, 2019.  The MVC has not appeared in the action.  Plaintiff has not filed proof of service for any Defendant, has not filed an opposition to Defendants' motion and has not otherwise communicated with the Court since his initial filing.  As explained below, Plaintiff's claims against the Magnolia Defendants will be dismissed without prejudice, and Plaintiff's claims against the MVC will be subject to an Order to Show Cause as to why those claims should not also be dismissed.

At all times relevant herein, Defendant, Borough of Magnolia and its Police Department and Municipal Court Staff were public entities, created and existing pursuant to the laws of the State of New Jersey located in Camden County, New Jersey, which was the employer of the individual defendant, including the John Doe defendants, and which authorized, ratified, and/or although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy and/or whose officers endowed with final or supervisory power of authority declared such policy which permits and tolerates illegal conduct, including harassment, excessive use of police power, tortuous interference with business relations, intentional infliction of distress, and illegal discrimination.

Former Police Chief Robert A. Stetzer, Police Lie[u]tenant J. Vadurro and other employees associated with the [Borough of Magnolia] Municipal Court, contrary to the Constitution of the United States and the laws promulgated there under, violated Plaintiff's Constitutional Rights and discriminated against the Plaintiff, inter alia, as follows:

   a.  Pursuing Motor Vehicle Citations that were not violations.

   b.  Creating a violation and serving same by the U.S. mails 93 days after the alleged violation.

   c.  Back dating the Summons over 90 days to make it appear that the Summons was less than 60 days old.

   d.  Making a false statement on the Summons that there "just and reasonable grounds to believe that (plaintiff] committed the above offense ... " knowing that the statement was materially false.

   e.  Fabricating charges with the Division of Motor Vehicles after Municipal charges related to the event were dismissed in open Court.

   f.  Purposely, and with the intention of depriving Plaintiff with an opportunity to mount an effective defense, conceal from Plaintiff the charges for a period of time that was calculated

3

        to impose severe emotional distress.

  g.    Attempt to assess court fines and costs against Plaintiff and others like him, for other than authorized purposes, including, but, not limited to, intimidate municipal Court defendants to coerce payment of fines to which Magnolia was not entitled and funding municipal shortfalls.

  h.    Listing Defendant as Failure to Appear and causing a Warrant to be issued against him with full knowledge that the Court Appearance in question had been postponed.  This resulted in Plaintiff losing more than a day of earnings after being arrested by the New Jersey State Police, Bordentown Barracks.

  i.    Not recalling a warrant to be withdrawn even after a new court date was assigned.  This resulted in Plaintiff losing a second day of earnings after being arrested a second time on the same Failure to Appear Warrant by a second Police Authority, Lakewood New Jersey, and being arrested a second time.

(Docket No. 1 at 1-3.)

    For Defendant MVC, Plaintiff alleges:

New Jersey Motor Vehicle Commission, contrary to the Constitution of the United States and the laws promulgated there under, violated Plaintiffs Constitutional Rights and discriminated against the Plaintiff, inter alia, as follows:

  a.    Allowed information known to be inaccurate to remain on a data base that is used by law enforcement agencies, including Defendant Borough of Magnolia, causing charges for non-moving violations to be issued against innocent persons, including Plaintiff.

  b.    Purposely, and with the intention of depriving Plaintiff, and others, with an opportunity to mount an effective defense, conceal from Plaintiff the charges for a period of time that was calculated to impose severe emotional distress and

4

>               other damages.
>
>       c.   Threaten Plaintiff, and others like him, for other
>            than authorized purposes, including, but not
>            limited to, funding monetary shortfalls.

(Docket No. 1 at 4.)

The Magnolia Defendants have moved to dismiss Plaintiff's claims against them because they fail to meet the pleading standards required by Fed. R. Civ. P. 8(a) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).[2]  Plaintiff has not opposed Defendants' motion.  As noted above, the MVC has not appeared in the action, but the Court will *sua sponte* review Plaintiff's claims against the MVC.[3]

---

[2] These Defendants also argue Plaintiff's claims must be dismissed on various doctrines, such as the Heck doctrine, the Rooker-Feldman doctrine, the absolute prosecutorial immunity doctrine, and the qualified immunity doctrine.  The Court cannot opine on the application of these doctrines to Plaintiff's complaint because of the lack of facts to support each of his claims against each defendant, as discussed below.  For example, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim for damages premised on a civil rights violation is barred if the suit is inconsistent with or would undermine the lawfulness of a state conviction or sentence.  Because Plaintiff's complaint is silent as to what crime he was convicted of and what sentence was imposed, the Court cannot determine whether Heck bars his claims.  The lack of facts to support Plaintiff's claims similarly prevents this Court from considering whether the other doctrines bar his claims.  This demonstrates why Plaintiff's complaint must be dismissed for failure to meet the most basic pleading standards.  Should Plaintiff file an amended complaint, Defendants are not precluded from raising these bases for dismissal in response, if it is appropriate to do so.

[3] District courts may dismiss claims that do not state causes of action *sua sponte*.  See Bintliff-Ritchie v. American Reinsurance

5

**DISCUSSION**

A.     **Subject matter jurisdiction**

Because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.[4]  The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

Company, 285 Fed. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)."); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); Worster-Sims v. Tropicana Entertainment, Inc., 46 F. Supp. 3d 513, 517 (D.N.J. 2014).

[4] Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

6

**B.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should

7

identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

In the case where a plaintiff is proceeding without counsel, *pro se* complaints, "however inartfully pleaded, must be

8

held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976). *Pro se* litigants, however, "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

9

**C.     Analysis**

**1.    Magnolia Defendants' motion to dismiss**

The Court finds that Plaintiff's complaint does not meet the Rule 8 and Twombly/Iqbal pleading standards.  Plaintiff alleges that Defendants' actions arising from citations for motor vehicle infractions and his resulting arrest for those citations violated due process, constituted an unreasonable seizure, and were a result of an unconstitutional municipal policy and negligent hiring.  A comparison of the elements to prove each of these claims with the allegations in Plaintiff's complaint demonstrates why Plaintiff has failed meet the proper pleading standards.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1.  It is well established that the Due Process Clause contains both a procedural and substantive component. American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).  To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law."  Hill v.

10

Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citation omitted).  To state a substantive due process claim, a plaintiff must show: (1) he was deprived of a protected property interest; and (2) a state actor acted with a degree of culpability that shocks the conscience.  Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008); Maple Prop., Inc. v. Twp. of Upper Providence, 151 F. App'x 174, 179 (3d Cir. 2005) (finding conscience-shocking behavior where the misconduct involves corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties).

    The Fourth Amendment is applicable to the States by the Fourteenth Amendment.  Baker v. McCollan, 443 U.S. 137, 142 (1979).  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The elements of a § 1983 claim for unreasonable seizure are (1) actions of the police officers that constituted a seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances.  Brower v. County of Inyo, 489 U.S. 593, 597-99 (1989).

    For a claim against a municipality under § 1983, a municipality cannot be held liable under a theory of *respondeat superior*, but instead a municipality may be liable under § 1983

11

"if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." Jewell v. Ridley Township, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting Monell v. Dept. of Social Servs. of City of N.Y., 436 U.S. 658, 691 (1978)).  A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." Noble v. City of Camden, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted).  "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Id. (internal quotations and citations omitted).

To succeed on a claim for negligent hiring or supervision, a plaintiff must prove (1) the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons" and (2) the employer's negligence in hiring and supervising the employee permitted the employee's "incompetence, unfitness or dangerous characteristics" to proximately cause injury to a third party.  Hayward v. Salem City Board of Education, 2016 WL 4744132, at *11 (D.N.J. 2016) (citing DiCosala v. Kay, 450 A.2d 508, 516 (N.J. 1982); Gargano v. Wyndam Skyline Tower Resorts, 907 F. Supp. 2d 628, 633 (D.N.J. 2012)).

Considering these elements for all of Plaintiff's claims, it is clear that Plaintiff's complaint fails for a fundamental reason - Plaintiff does not specify which defendant allegedly committed which act that serves as a basis for each of his claims. Plaintiff alleges that "Defendants" collectively performed all acts that give rise to his claim that he was not afforded due process and he was unreasonable seized. Plaintiff, however, does not articulate, for example, which defendant or defendants pursued MVC citations that were not violations,[5] backdated the summons and made false statements on it, fabricated charges with the MVC, assessed coercive court fees, or issued the warrant for his arrest.

Presumably the named defendants, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq., were involved in these allegations, but pleading claims against these defendants collectively fails to satisfy the requirement that for claims brought pursuant to § 1983, a plaintiff must demonstrate a defendant's "personal involvement in the alleged wrongs." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)) ("A plaintiff

---

[5] Plaintiff also fails to identify the motor vehicle laws he was cited for violating, other than to state they were for non-moving violations. (Docket No. 1 at 4.)

makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

With regard to Plaintiff's claims that the Borough of Magnolia fostered an unconstitutional policy that "permits and tolerates illegal conduct, including harassment, excessive use of police power, tortuous interference with business relations, intentional infliction of distress, and illegal discrimination," (Docket No. 1 at 3-4), and that the Borough has negligently hired its employees, such conclusory allegations do not satisfy the applicable pleading standards for those two claims. See Rollins on behalf of Estate of Salaam v. City of Newark, 2020 WL 1528035, at *3 (D.N.J. 2020) ("Conclusory recitations of the elements of a Monell claim are insufficient.") (citing Benjamin v. E. Orange Police Dep't, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom)); Castro v. Atlantic County, 2018 WL 3122065, at *11 (D.N.J. 2018) (quoting Harvey v. County

14

of Hudson, 2015 WL 9687862, at *10 (D.N.J. 2015) ("The Complaint alleges no facts about the process by which [the prosecutor's office detective] was hired.  It identifies no warning signs in his background that a diligent search would have uncovered.  And it fails to allege that such facts, if uncovered, would have prevented a prudent employer from hiring [him].  The Federal Rules do not permit a party simply to claim that something is true in the hope that it might be.  Even allegations on information and belief (which these are not) require a good faith, diligent investigation.")).

"Each allegation" in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Plaintiff's claims against Defendants Borough of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq. must be dismissed because Plaintiff's complaint fails to meet this basic requirement.  Plaintiff's claims will be dismissed without prejudice, and he will be afforded 30 days to file an amended complaint.  See Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment irrespective of whether it is requested when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

15

## 2. Plaintiff's claims against the MVC

The Court will issue an Order to Show Cause as to why Plaintiff's claims against the MVC should not be dismissed for two reasons. First, Plaintiff has failed to demonstrate that he has served the MVC within the time required under the Federal Rules, or that good cause excuses any delay in service. Under Fed. R. Civ. P. 4(m), if a plaintiff fails to timely serve the defendants, the Court may (1) dismiss the action on the motion of a defendant, (2) dismiss the action on its own after notice to the plaintiff, or (3) order that service be made within a specified time. In order for a plaintiff to receive the benefit of additional time to serve a defendant, however, the plaintiff must show "good cause," which means that the plaintiff must demonstrate "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). A plaintiff appearing *pro se* has the same obligation. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (explaining that *pro se* litigants are afforded greater leeway in the interpretation of their pleadings, and they must receive notice "when a court acts on its own in a way that significantly alters a *pro se* litigant's rights," but there are limits to the procedural flexibility: "For example, *pro se*

16

litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.").

Second, it appears that the MVC is not a "person" subject to suit pursuant 42 U.S.C. § 1983, and it is otherwise immune from suit under the Eleventh Amendment. See Bahgat v. Township of East Brunswick, 2017 WL 2345565, at *2 (D.N.J. 2017) (dismissing claims brought under § 1983 against the MVC because it was not a "person" under § 1983 and because it was immune from suit under the Eleventh Amendment, stating, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has extended the Eleventh Amendment to include actions instituted against a state by its own citizens." (citing Hans v. L.A., 134 U.S. 1, 11 (1890)); see also Shreve v. New Jersey Motor Vehicle Commission, 2016 WL 5334661, at *3 (D.N.J. 2016) (same).

Consequently, Plaintiff shall show cause within 30 days as to why his claims against the MVC should not be dismissed with prejudice.

17

## CONCLUSION

For the reasons expressed above, Plaintiff's claims against the Defendants Borough of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq. will be dismissed without prejudice.  Plaintiff will be afforded 30 days to file an amended complaint.  Within that same time frame - 30 days - Plaintiff shall show cause as to why his claims against the New Jersey Motor Vehicle Commission should not be dismissed with prejudice.

An appropriate Order will be entered.


Date: __May 20, 2020__                    __s/ Noel L. Hillman___
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.