**UNITED STATES DISTRICT COURT**
                       **DISTRICT OF NEW JERSEY**

---

SAMUEL A. MALAT,                          1:19-cv-14841-NLH-AMD

       Plaintiff,              **OPINION**

  v.

BOROUGH OF MAGNOLIA, POLICE
CHIEF ROBERT A. STETSER,
POLICE LIEUTENANT J. VADURRO,
NEW JERSEY MOTOR VEHICLE
COMMISSION, PROSECUTOR CHERYL
H. COHEN, ESQ., JOHN DOES 1
THROUGH 10,

       Defendants.

---

**APPEARANCES**:

SAMUEL A. MALAT
24 MCMICHAEL AVE
SOMERDALE, NJ 08083

    *Plaintiff appearing pro se*

DEAN R. WITTMAN
ZELLER & WIELICZKO LLP
120 HADDONTOWNE COURT
CHERRY HILL, NJ 08034

    *On behalf of Defendants Borough of Magnolia, Police Chief
    Robert A. Stetser, Police Lieutenant J. Vadurro, and
    Prosecutor Cheryl H. Cohen, Esq.*

**HILLMAN**, **District Judge**

This matter concerns claims by Plaintiff, Samuel A. Malat, appearing *pro se*, that Defendants violated his constitutional rights and committed state law torts arising from motor vehicle

citations that ultimately led to his arrest. Previously, Defendants Borough of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq. ("Magnolia Defendants") moved to dismiss Plaintiff's complaint against them. The Court granted the motion, which was unopposed by Plaintiff, but afforded Plaintiff thirty days to file an amended complaint. With regard to Defendant New Jersey Motor Vehicle Commission ("MVC"), which had not appeared in the action, the Court directed Plaintiff to show cause as to why his claims against the MVC should not also be dismissed.[1]

Plaintiff timely filed an amended complaint. In his cover letter, Plaintiff states that the amended complaint "will also serve to show cause why the New Jersey Motor Vehicle Commission should not be released from the matter." (Docket No. 6 at 1.)

In response to Plaintiff's amended complaint, the Magnolia

---

[1] The Court previously noted that Plaintiff filed his complaint on July 9, 2019, and the Clerk's Office issued summonses to Plaintiff for each Defendant on that same day. All Defendants, except for Defendant Motor Vehicle Commission ("MVC"), filed their motion to dismiss on October 24, 2019. At the time the Court issued its first Opinion in this matter on May 20, 2020, the MVC had never appeared in the action, Plaintiff had failed to file proof of service for any Defendant, and Plaintiff had failed to file an opposition to Defendants' motion or otherwise communicate with the Court since his initial filing. As set forth below, since then Plaintiff has minimally appeared in this action, he has again failed to opposed the Magnolia Defendants' motion, and he has failed to respond substantively to the Court's Order to Show Cause.

2

Defendants have moved for summary judgment in their favor. Defendants argue that the amended complaint is almost identical to Plaintiff's original complaint, and the limited additional facts pleaded in the amended complaint do not cure any of the deficiencies identified in Plaintiff's original complaint.[2] Plaintiff has not opposed Defendants' motion.

For the reasons expressed below, the Court will grant the Magnolia Defendants' motion for summary judgment, and dismiss Plaintiff's claims against MVC.

## BACKGROUND

According to Defendants' statement of undisputed material facts ("SMF" Docket No. 9),[3] Plaintiff's New Jersey driving

---

[2] The Magnolia Defendants explain that the First (Borough of Magnolia and its agents), Second (New Jersey Motor Vehicle Commission), Third (Emotional and Physical Distress), Sixth (Fifth Amendment Violations), Seventh (Fourteenth Amendment Violations), and Ninth (Monell Violations) Counts are identical to Plaintiff's original complaint. The Magnolia Defendants further explain that the new Fourth Count appears to be an amalgamation of the original complaint's Fourth (Negligent Hiring) and Fifth (Fourth Amendment Violations) Counts.
The Eighth Count (Violations of 1983) includes one additional clause from the previous complaint: "Plaintiff believes, and there[fore] avers that the actions of the Defendants as a direct result of Plaintiff having been defendant's counsel on other criminal matters where both Judge McCrink (not a defendant by reason of Judicial Immunity) and Defendant Cheryl Cohen [was the municipal prosecutor] in Camden County and had interactions with Plaintiff that resulted in embarrassment and scorn directed at their fellow prosecutors." (Docket No. 6 ¶ 62.)

[3] In circumstances where a nonmoving party fails to oppose a motion for summary judgment, a court may: (1) give an opportunity to properly support or address the fact; (2)

3

privileges were suspended on February 15, 2019, after he failed to appear at a court date in the Hamilton Township Municipal Court in Mercer County, New Jersey. (SMF ¶ 1.) On February 22, 2019, Plaintiff's vehicle registration was suspended due to his failure to present proof of liability insurance coverage for a motor vehicle he owned at the time. (SMF ¶ 2.) By way of the same notice, he was advised that his vehicle registration privileges could be restored by paying a $100 restoration fee and presenting proof that either he had insurance for the vehicle or that he no longer owned the vehicle, in which case he would need to surrender the vehicle license plates. He was further advised at the same time that his driving privileges were scheduled to be suspended as of March 24, 2019 if he did not comply with the above referenced requirements. (SMF ¶ 2.)

---

consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e). Plaintiff has mostly failed to appear and pursue his claims. Although he participated in a couple of telephone status conferences, Plaintiff failed to oppose Defendants' motion to dismiss, and even though he responded to the Court's order of dismissal by filing an amended complaint, he then failed to appear at the initial conference held via telephone, he failed to respond to Defendants' motion for summary judgment, and he failed to appear at the subsequent, and final, telephonic status conference. The Court additionally notes that Plaintiff relates in his amended complaint that he was a practicing attorney until April 2003. For all of these reasons, this Court will deem the facts presented in Defendants' L. Civ. R. 56.1 statement of undisputed material facts as undisputed.

4

While a restoration fee was paid on February 25, 2019, neither Plaintiff's vehicle registration nor his driving privileges were immediately restored. (SMF ¶ 3.) On March 12, 2019, while his driver's license and vehicle registration were still suspended, Plaintiff was pulled over by Lt. Joseph Vadurro of the Magnolia Police Department. (SMF ¶ 4.) As a result of that stop, Plaintiff was issued three tickets as follows: Summons Number E19- 000429 for a violation of 39:3-40, Driving with a Suspended Driver's License; Summons Number E19-000430, for a violation of 39:5-35, Failure to Surrender a Suspended Driver's License/License Plates on a Vehicle with a Suspended Registration; and Summons Number MC-012129, for a violation of 39:3-40.1, Driving With a Suspended Registration. (SMF ¶ 5.)

On March 24, 2019, Plaintiff's driving privileges were again suspended, consistent with the previous schedule of suspension. This was done administratively by the NJMVC notwithstanding that his driving privileges has already been suspended by court order on February 15, 2019 and had yet to be restored as of March 12, 2019. (SMF ¶ 6.) On April 9, 2019, Plaintiff paid another restoration fee. His registration and driving privileges were then restored the same day. (SMF ¶ 7.) On September 16, 2019, all three tickets were dismissed, but Plaintiff was assessed a $100.00 fine for his failure to appear at one of the municipal Court hearings. (SMF ¶ 8.)

5

Plaintiff claims that Defendants violated his substantive and procedural due process rights, discriminated against him, performed an unreasonable seizure of him, and committed negligent hiring, all of which caused him emotional and physical distress and money damages. As to the Magnolia Defendants, Plaintiff's amended complaint is identical to his original complaint, both of which allege:

> At all times relevant herein, Defendant, Borough of Magnolia and its Police Department and Municipal Court Staff were public entities, created and existing pursuant to the laws of the State of New Jersey located in Camden County, New Jersey, which was the employer of the individual defendant, including the John Doe defendants, and which authorized, ratified, and/or although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy and/or whose officers endowed with final or supervisory power of authority declared such policy which permits and tolerates illegal conduct, including harassment, excessive use of police power, tortuous interference with business relations, intentional infliction of distress, and illegal discrimination.
>
> Former Police Chief Robert A. Stetzer, Police Lie[u]tenant J. Vadurro and other employees associated with the [Borough of Magnolia] Municipal Court, contrary to the Constitution of the United States and the laws promulgated there under, violated Plaintiff's Constitutional Rights and discriminated against the Plaintiff, inter alia, as follows:
>
>> a. Pursuing Motor Vehicle Citations that were not violations.
>>
>> b. Creating a violation and serving same by the U.S. mails 93 days after the alleged violation.
>>
>> c. Back dating the Summons over 90 days to make it appear that the Summons was less than 60 days old.

6

d.  Making a false statement on the Summons that there "just and reasonable grounds to believe that (plaintiff] committed the above offense ... " knowing that the statement was materially false.

e.  Fabricating charges with the Division of Motor Vehicles after Municipal charges related to the event were dismissed in open Court.

f.  Purposely, and with the intention of depriving Plaintiff with an opportunity to mount an effective defense, conceal from Plaintiff the charges for a period of time that was calculated to impose severe emotional distress.

g.  Attempt to assess court fines and costs against Plaintiff and others like him, for other than authorized purposes, including, but, not limited to, intimidate municipal Court defendants to coerce payment of fines to which Magnolia was not entitled and funding municipal shortfalls.

h.  Listing Defendant as Failure to Appear and causing a Warrant to be issued against him with full knowledge that the Court Appearance in question had been postponed.  This resulted in Plaintiff losing more than a day of earnings after being arrested by the New Jersey State Police, Bordentown Barracks.

i.  Not recalling a warrant to be withdrawn even after a new court date was assigned.  This resulted in Plaintiff losing a second day of earnings after being arrested a second time on the same Failure to Appear Warrant by a second Police Authority, Lakewood New Jersey, and being arrested a second time.

(Docket No. 1 at 1-3; Docket No. 6 at 6-8.)

For Defendant MVC, Plaintiff's allegations in his amended complaint are identical to those contained in his original complaint:

7

New Jersey Motor Vehicle Commission, contrary to the
Constitution of the United States and the laws promulgated
there under, violated Plaintiffs Constitutional Rights and
discriminated against the Plaintiff, inter alia, as
follows:

    a.    Allowed information known to be inaccurate to remain on a data base that is used by law enforcement agencies, including Defendant Borough of Magnolia, causing charges for non-moving violations to be issued against innocent persons, including Plaintiff.

    b.    Purposely, and with the intention of depriving Plaintiff, and others, with an opportunity to mount an effective defense, conceal from Plaintiff the charges for a period of time that was calculated to impose severe emotional distress and other damages.

    c.    Threaten Plaintiff, and others like him, for other than authorized purposes, including, but not limited to, funding monetary shortfalls.

(Docket No. 1 at 4; Docket No. 6 at 8-9.)

Plaintiff has not opposed Defendants' motion. As noted above, the MVC has not appeared in the action, but the Court will address the Court's Order to Show Cause issued after its *sua sponte* review of Plaintiff's claims against the MVC.

## DISCUSSION

**A.    Subject matter jurisdiction**

Because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§

1331 and 1343.[4]  The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**B.   Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such

---

[4] Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

9

that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.

As noted above, because Plaintiff has not opposed Defendants' motion for summary judgment, the Court will consider

Defendants' statement of material facts to be undisputed. Fed. R. Civ. P. 56(e).

**C. Analysis**

   **1. *Magnolia Defendants' motion for summary judgment***

When considering the undisputed facts set forth by Defendants regarding the traffic citations issued to Plaintiff, his arrest, the municipal court hearings, and the resolution of the charges, including the imposition of a $100 court fee due to Plaintiff's failure to appear, nothing about those circumstances supports any of Plaintiff's claims that Defendants' actions violated due process, constituted an unreasonable seizure, and were a result of an unconstitutional municipal policy and negligent hiring.

In the prior Opinion, the Court set forth the elements for each of Plaintiff's claims that Plaintiff must prove to prevail on those claims:

- Due process - The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. It is well established that the Due Process Clause contains both a procedural and substantive component. American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). To prove a claim under § 1983 for deprivation of procedural due process

11

rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted). To prove a substantive due process claim, a plaintiff must show: (1) he was deprived of a protected property interest; and (2) a state actor acted with a degree of culpability that shocks the conscience. Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008); Maple Prop., Inc. v. Twp. of Upper Providence, 151 F. App'x 174, 179 (3d Cir. 2005) (finding conscience-shocking behavior where the misconduct involves corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties).

- Fourth Amendment - The Fourth Amendment is applicable to the States by the Fourteenth Amendment. Baker v. McCollan, 443 U.S. 137, 142 (1979). The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The elements of a § 1983 claim for unreasonable seizure are (1) actions of the police officers that constituted a seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. Brower v. County of Inyo, 489

U.S. 593, 597-99 (1989).

- <u>Monell</u> claim – For a claim against a municipality under § 1983, a municipality cannot be held liable under a theory of *respondeat superior*, but instead a municipality may be liable under § 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." <u>Jewell v. Ridley Township</u>, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting <u>Monell v. Dept. of Social Servs. of City of N.Y.</u>, 436 U.S. 658, 691 (1978)).  A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." <u>Noble v. City of Camden</u>, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted).  "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." <u>Id.</u> (internal quotations and citations omitted).

- Negligent hiring/supervision – To succeed on a claim for negligent hiring or supervision, a plaintiff must prove (1) the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons" and (2) the employer's negligence in hiring and supervising the employee permitted the employee's

13

"incompetence, unfitness or dangerous characteristics" to proximately cause injury to a third party. Hayward v. Salem City Board of Education, 2016 WL 4744132, at *11 (D.N.J. 2016) (citing DiCosala v. Kay, 450 A.2d 508, 516 (N.J. 1982); Gargano v. Wyndam Skyline Tower Resorts, 907 F. Supp. 2d 628, 633 (D.N.J. 2012)).

Previously, the Court dismissed Plaintiff's complaint for the fundamental reason that Plaintiff did not specify which defendant allegedly committed which act that serves as a basis for each of his claims. The Court also found that Plaintiff's Monell and negligent hiring claims were conclusory with no factual basis. (Docket No. 4 at 14.)

In the beginning section of Plaintiff's amended complaint (Docket No. 6 at 1-2), Plaintiff has asserted additional content not included in the initial complaint. Plaintiff relates that until April 2003, he had been a practicing attorney in Camden County with an office in Haddon Heights, New Jersey, and during that tenure, Plaintiff had represented numerous clients accused of committing criminal acts and a few individuals that were accused of homicide and sexual assault, all of whom Plaintiff agreed to represent because he believed they were not guilty. Plaintiff further relates he successfully defended these individuals, who were facing serious penalties, with reduced or dropped charges, and in one instance a full acquittal on appeal.

14

Plaintiff also relates that he represented various individuals on civil rights violations that resulted in significant settlements against various governmental entities within Camden County.

Plaintiff then explains the timeline of the citations, arrests, and court hearings, which while lacking in most of the dates and details of the citations, appears to align with the timeline of events in Defendants' SMF set forth above. Plaintiff claims that at one court hearing he discovered that Cheryl Cohen was Magnolia's municipal prosecutor. Plaintiff claims that "Prosecutor Cohen recognized Plaintiff's name and made a comment about having known a 'Criminal Attorney' (as opposed to a Criminal Defense Attorney) Samuel A Malat coupled with a scoff and belligerent body language." (Docket No. 6 at 5.)

Plaintiff claims that a June 11, 2019 municipal court hearing was continued due to the prosecutor's lack of preparation. Plaintiff claims that before the next court date, "another ticket was issued bearing a date of March 12, 2019 but a postmark of June 13, 2019." (Docket No. 6 at 5.) Plaintiff alleges that "this ticket, MC-012129, was issued in compliance with a request from the prosecutor, defendant Cheryl Cohen." (Id.)

At a subsequent municipal court hearing in Berlin Borough,

15

New Jersey, Plaintiff claims that the prosecutor there wished to drop the charges, but "the Prosecutor was not allowed to dismiss the charges after the matter was presented to the Judge Kristen [sic] McCrink." (Id.) Plaintiff claims that the prosecutor asked for additional documents from Plaintiff, and when the prosecutor reviewed them, the prosecutor thought the charges should be dropped. Plaintiff claims that "Judge McCrink resisted accepting the dismissal of the charges. However, the prosecutor was unwilling to proceed. In an apparent retaliation, Judge McCrink imposed a $100.00 sanction for Plaintiff's failure to appear even though the continuances were at the request of various others."[5] (Id. at 6.)

As recited above, the remainder of Plaintiff's complaint is substantively identical to his original complaint, except for the following allegation: "Plaintiff believes, and there avers that the actions of the Defendants as a direct result of Plaintiff having been defendant's counsel on other criminal matters where both Judge McCrink (not a defendant by reason of

---

[5] The names of the prosecutors who suggested that the municipal courts in Berlin and Magnolia drop the charges are not identified, but it appears that neither were Magnolia municipal court prosecutor Cheryl Cohen. From the documents attached to Defendants' motion, it appears that because the charges were dismissed and the $100 fine was assess in the Magnolia municipal court, Judge McCrink served as the municipal court judge in Magnolia. It is unclear whether Judge McCrink also served as the municipal court judge in Berlin.

16

Judicial Immunity) and Defendant Cheryl Cohen [was the municipal prosecutor] in Camden County and had interactions with Plaintiff that resulted in embarrassment and scorn directed at their fellow prosecutors." (Docket No. 6 at 11.)

In order to survive Defendants' motion for summary judgment, Plaintiff is required to identify, by affidavits or otherwise, specific facts and affirmative evidence to support his claims. Anderson, 477 U.S. at 256-57. Plaintiff has failed to do so.

The Magnolia Defendants' statement of undisputed material facts shows that Plaintiff's alleged troubles began on February 15, 2019 when his New Jersey driving privileges were suspended because he failed to appear at a court date in the Hamilton Township Municipal Court in Mercer County, New Jersey. Plaintiff paid the restoration fee on February 25, 2019, but Plaintiff's vehicle registration and his driving privileges were not immediately restored. As a result, Plaintiff was pulled over by Lt. Joseph Vadurro of the Magnolia Police Department on March 12, 2019 because his driver's license and vehicle registration were still suspended, and he was issued three tickets. Ultimately, the after several court hearings in different municipal courts, all the charges were dropped in Berlin, but Plaintiff was charged a $100 fee for missing a court hearing. These undisputed facts do not support any of his

17

claims against the Magnolia Defendants.

With regard to Plaintiff's allegations regarding Defendants' motives and the suspicious circumstances of his arrests and court hearings, those claims are unsupported by any affirmative evidence and instead are merely Plaintiff's speculations and beliefs. Plaintiff has not presented any evidence to support his claims, and the citations, arrests, court hearings, and ultimate resolution of the municipal court charges standing alone do not demonstrate any constitutional violation or tort.

Consequently, the Magnolia Defendants are entitled to summary judgment on all of Plaintiff's claims against them. See Fed. R. Civ. P. 56(e)(3) (explaining that "where a nonmoving party fails to oppose a motion for summary judgment, a court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it").

### 2. Plaintiff's claims against the MVC

In the Court's prior Opinion, the Court directed Plaintiff to show cause as to why Plaintiff's claims against the MVC should not be dismissed with prejudice for two reasons: (1) Plaintiff failed to demonstrate that he has served the MVC within the time required under the Federal Rules, or that good cause excused any delay in service; and (2) it appeared that the

18

MVC is not a "person" subject to suit pursuant 42 U.S.C. § 1983, and it is otherwise immune from suit under the Eleventh Amendment. (Docket No. 4 at 16-17.)

Plaintiff stated that his amended complaint contained his response to the Court's Order to Show Cause. There is nothing in Plaintiff's amended complaint that addresses the two issues raised by the Court both of which are dispositive. Thus, for the reasons expressed in the Court's prior Opinion and Order to Show Cause, Plaintiff's claims against MVC will be dismissed with prejudice for Plaintiff's failure to serve MVC, and because his claims are otherwise unsustainable against MVC.

## **CONCLUSION**

For the reasons expressed above, the motion for summary judgment by Defendants Borough of Magnolia, Police Chief Robert A. Stetser, Police Lieutenant J. Vadurro, and Prosecutor Cheryl H. Cohen, Esq. will be granted. Plaintiff's claims against the New Jersey Motor Vehicle Commission will be dismissed with prejudice.

An appropriate Order will be entered.

Date: June 28, 2021       s/ Noel L. Hillman  
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.